[No. 22114. Department Two. June 4, 1930.]

JOHN HALVORSON, *Appellant*, v. MARY STECHER, *Respondent*.[1]

*M. H. Forde,* for appellant.

*A. E. Dailey,* for respondent.

[1] Reported in 288 Pac. 925.

FULLERTON, J.—On April 6, 1921, the respondent, Stecher, entered into a contract with the appellant, Halvorson, whereby the respondent agreed to sell and the appellant agreed to buy two certain tracts of land described by metes and bounds. The description of the first of the tracts seems to have been taken from a deed through which the respondent acquired the property. Neither of the parties then knew the precise boundaries of the tract, and it was questioned by both of the parties whether the tract included a house located on the southwest corner of the tract. To meet this possibility, there was added to the tract first described a second tract, described as "a strip of land 10 feet wide off the north side of the land adjoining the above described tract on the south, said 10 foot strip extending from the west line of said land a distance of 150 feet east;" the latter tract being taken from land owned by the respondent, which was acquired through another source of title.

Some two years after the contract was entered into, the respondent caused the tract to be surveyed. It was then discovered that the first of the tracts included lands which the respondent did not own, in that it included a strip northerly of her northmost boundary. This fact was made known to the appellant; he, however, continued to make the payments called for in his contract of purchase until the last one became due, at which time he began the present action to rescind the contract and recover the purchase money paid thereon.

The trial court, on a trial of the action to rescind, found that the respondent had made no misrepresentation as to the location of the tract or as to its boundaries; found that there was an error in the description of the beginning point of the tract, and, with this corrected, the appellant would obtain the land the

respondent by the contract agreed to convey to him. It thereupon entered a decree correcting the description, and requiring the respondent, upon the payment of the remainder of the purchase price then due, to execute and deliver to the appellant a warranty deed in accordance with the corrected description; denying to either party any further relief.

The appellant has assigned a number of errors for reversal, which his learned counsel argues at some length in his brief, but the questions depend for their solution on the view that is taken of the facts of the case, and we cannot conclude that the trial court determined the facts erroneously. If it be true that the appellant did not obtain all of the land he thought he was purchasing, the fault lies with him rather than with the respondent. While the appellant testified that the respondent, while the negotiations for the purchase were under way, pointed out to him the boundaries of the tract, particularly the southern boundary, she denies so doing, and testifies that she knew nothing about the precise locations of the boundaries, and we think the evidence rather supports her version than his. We have already noticed the fact that an additional tract was included to meet the possible condition that the house might not be upon the first described tract. In addition to this, the respondent, prior to the execution of the contract, offered to join with him in having the tract surveyed, but he preferred taking it under the description given, rather than share in the expense of a survey. Nor did the respondent conceal from him the results of the survey which she caused to be made for her own purposes. On the contrary, he was promptly informed of the facts shown thereby.

The corrected description moves the south line still farther south than did the description contained in the contract, and it is possible that the tract, even as now

described, does not now include the whole of the house. But we do not find that, because of this, the equities of the situation, as the appellant so strenuously argues, are with the appellant. He obtains an area equal to that described in the contract of purchase, in land of equal value, and of land which he now contends he thought he was purchasing. Nor has the respondent refused to deal equitably in correcting the situation. She offered, prior to the trial, and at the trial, to deed to him sufficient land from her remaining holdings to include the house at the same rate per acre which the appellant agreed to pay for the land described in the contract. She did decline to deed it without consideration, but we cannot conceive of any principle of equity which requires her so to do.

There are certain other matters which the appellant urges make the contract inequitable. These we shall not specially notice. It is sufficient to say of them that they relate to matters not covered by the terms of the contract, and that, since no deceit or fraud was practiced upon him by which he was induced to enter into the contract, he must abide by it according to its terms.

The decree of the trial court is affirmed.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.